UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:11-CV-00576-TBR

GWEN DEATS                                                          Plaintiff

v.

IUE-CWA, THE INDUSTRIAL DIVISION OF THE                    Defendants
COMMUNICATION WORKERS OF AMERICA,
AFL-CIO, *et al.*


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Plaintiff Gwen Deats' "Motion to Alter, Amend, or Vacate Court's Order of April 22, 2013." (Docket No. 80.) Although Deats does not reference Federal Rule of Civil Procedure 59(e), the Court will construe his Motion as one seeking relief under that Rule.

Deats argues that the Court erred in granting summary judgment in favor of both Deats' employer, General Electric Company (GE), and Deats' union, the IUE-CWA, Local 83761 (the "Union"). In regard to GE, Deats asserts that the video relied upon by GE in deciding to terminate him creates a genuine issue of fact whether GE had an "honest belief" in its proffered reason for terminating him. (Docket No. 80, at 1-2.) Deats also states, "From reading the Court's Opinion, it does not appear that the video was reviewed by the Court."[1] (Docket No. 80, at 1.) In regard to the Union, Deats

---

[1] Deats is incorrect in this assertion. Though not expressly stated in its prior Memorandum Opinion, the Court did review the video in considering the Defendants' motions for summary judgment.

asserts that he presented sufficient facts to create a genuine factual dispute on the issue of fair representation.  (Docket No. 80, at 2.)

The Sixth Circuit has consistently held that a Rule 59 motion should not be used either to reargue a case on the merits or to reargue issues already presented, *see Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)), or otherwise to "merely restyle or rehash the initial issues," *White v. Hitachi, Ltd.*, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (internal quotation marks and citation omitted). "It is not the function of a motion to reconsider arguments already considered and rejected by the court." *Id.* (citation omitted).  As another district court in this Circuit put it, "Where a party views the law in a light contrary to that of this Court, its proper recourse is not by way of a motion for reconsideration but appeal to the Sixth Circuit." *Hitachi Med. Sys. Am., Inc. v. Branch*, 2010 WL 2836788, at *1 (N.D. Ohio July 20, 2010) (internal quotation marks and citations omitted).  Accordingly, the Sixth Circuit instructs that a motion for reconsideration should only be granted on four grounds:  "Under Rule 59, a court may alter or amend a judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'"  *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).  Furthermore, because there is an interest in the finality of a decision, this Court and other district courts have held that "[s]uch motions are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19, 2007) (citing *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio

1995)); *accord Rottmund v. Cont'l Assurance Co.*, 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

Deats' instant two-and-a-half-page Motion presents no viable argument for reconsideration under the standard applicable to a Rule 59(e) motion.  He makes no argument under any of the four permissible bases for reconsideration outlined by the Sixth Circuit in *Leisure Caviar*.  In fact, Deats does cite not any authority whatsoever in his Motion.  Instead, he merely reargues the same issues with the same reasoning and the same evidence that was previously considered and rejected by this Court.  For this reason alone, his Motion must be denied.

Regardless, even assuming Deats had stated proper grounds for reconsideration, summary judgment would still be appropriate.  Deats first suggests that "the Court has apparently determined as a matter of law that Deats' employer had an 'honest belief' that he damaged the property of another employee based on the video which GE claims is the sole grounds for his discharge."  (Docket No. 80, at 1.)  That assertion is not correct, as the Court did not determine whether GE had an honest belief in its proffered basis for terminating Deats.  Instead, the Court found that "Deats ha[d] put forth no evidence tending to show that GE did not honestly believe its proffered reason for terminating him," and, thus, had presented no genuine issue of material fact whether GE breached the terms of the collective bargaining agreement.  (Docket No. 78, at 8.)  The Court explained that conclusion as follows:

> As the Sixth Circuit stated in *Braithwaite v. Timken Co.*: "[T]he plaintiff must allege more than a dispute over the facts upon which his discharge is based. He must put forth evidence which demonstrates that the employer did not 'honestly believe' in the

proffered [basis] for its adverse employment action." 258 F.3d at 493-94 (referencing *Smith*, 155 F.3d at 806-07). In effect, Deats offers little more than a challenge to the sufficiency of GE's evidence against him—namely, that the surveillance video is unclear—and speculation that vehicle depicted in that footage might not be Lowe's or that Lowe's vehicle might not have actually been damaged. This Court's role, however, is not to examine the correctness or thoroughness of GE's decision. *See Majewski*, 274 F.3d at 1117; *Smith*, 155 F.3d at 807. Moreover, Deats cannot maintain a viable claim that GE breached the terms of the CBA premised merely upon some dispute over the facts underlying GE's decision to terminate him. In this regard, a genuine factual dispute over the facts relied upon by GE simply does not equate to a genuine factual dispute whether GE reasonably relied on those facts.

(Docket No. 78, at 8.)  As before, Deats' argument why a genuine factual dispute exists misses the focus of the Court's inquiry, and summary judgment in GE's favor remains appropriate.

Second, Deats argues that "the evidence in the record indicates that the president of the Union told Deats in an argument before his discharge . . . that he would not help Deats should the need ever arise."  (Docket No. 80, at 2.)  Deats insists that "[t]hat coupled with the fact that the Union failed to prosecute Deats' claim to arbitration is sufficient to create an issue of fact for a jury to resolve on the issue of fair representation."  (Docket No. 80, at 2-3.)  The Court previously considered and rejected this argument.  In this regard, the Court specifically explained that the Union's decision not to arbitrate Deats' case together with Deats' conclusory allegations regarding a verbal altercation with the Union president some two years prior simply did not constitute "substantial evidence that the Union's conduct was arbitrary, discriminatory, or in bad faith.  (*See* Docket No. 78, at 9-13.)  Nothing in Deats' instant Motion compels an

alternate outcome.  Therefore, even if Deats had stated a proper basis for reconsideration under Rule 59(e), for the reasons discussed more fully in the Court's prior Memorandum Opinion, (Docket No. 78), summary judgment would still be appropriate.

Accordingly, having considered Deats' Motion and being otherwise sufficiently advised, for the reasons set forth above;

IT IS HEREBY ORDERED that Plaintiff Gwen Deats' "Motion to Alter, Amend or Vacate Court's Order of April 22, 2013" is DENIED.

IT IS SO ORDERED.

Date:

cc:      Counsel